UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fulgencio B.,

          Petitioner,

v.

Todd Lyons, *in his capacity as Acting Director, Immigration and Customs Enforcement*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Pamela Bondi, *U.S. Attorney General*; Executive Office for Immigration Review; and David Easterwood, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations*,

          Respondents.

File No. 26-cv-395 (ECT/DTS)

**OPINION AND ORDER**

Joseph D. Kantor, Guzior Maher Armbrecht, Saint Paul, MN, for Petitioner Fulgencio B.

Ana H. Voss and Trevor Brown, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Lyons, Kristi Noem, Pamela Bondi, Executive Office for Immigration Review, and David Easterwood.

      Petitioner Fulgencio B. is a Mexican citizen who has lived in the United States since 2002. Pet. [ECF No. 1] at 6, 15. Fulgencio "does not have a notice to appear document," and he "has never been placed in removal proceedings, had any prior removal orders, or deported himself voluntarily from the United States." *Id.* at 15. On January 10, 2026, Fulgencio was arrested by "alleged ICE agents" in Bloomington, Minnesota. *Id*. "Over the course of more than 20 years, [Fulgencio] has not committed any crimes in the United

States." *Id.* at 16. Fulgencio is "detained at the Fort Snelling Immigration Court Detention Facility in Fort Snelling, Minnesota," but "he is currently being treated for emergency medical care at Southdale Fairview Hospital." *Id.* at 4.

Fulgencio challenges his detention under 28 U.S.C. § 2241. Pet. at 4. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. at 7–14; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Fulgencio, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment and 8 U.S.C. §§ 1225(b)(2) and 1226(a). *See* Pet. at 21–22. Fulgencio seeks a declaration that Respondents' actions violate the Fifth Amendment of the United States Constitution, 28 U.S.C. § 2241, the Administrative Procedure Act, and the Immigration and Nationality Act; issuance of a writ of habeas corpus requiring Respondents to immediately release him or provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a); that Respondents be enjoined from denying his bond under 8 U.S.C. § 1225(b)(2); if an immigration judge grants a bond, an order enjoining Respondents from invoking the auto-stay provision found at 8 C.F.R. § 1003.19(i)(2) during the pendency of any bond appeal; an order enjoining his transfer out of the District of Minnesota during the pendency of his Petition; and "any other and further relief that this Court deems just and proper." Pet. at 23.

In a short response, Respondents state that Fulgencio's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argues

2

that the petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 4 at 2. This raises an issue of statutory interpretation[1] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Fulgencio has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing,

---

[1] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Fulgencio's Petition by way of their response in *Avila*, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Fulgencio has lived in the United States for approximately 23 years. *See* Pet. at 15. His detention falls under § 1226 and not § 1225(b)(2). [2]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, this case was consolidated with an earlier case filed on Fulgencio's behalf, *see* ECF No. 8, in which Respondents were ordered to include in their Answer "[w]hether the absence of a warrant

---

[2]  Respondents do not argue that Fulgencio is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).

4

preceding Petitioner's arrest necessitates Petitioner's immediate release." *See* Order at 2, *Fulgencio B. v. Bondi*, No. 26-cv-360 (NEB/DJF) (D. Minn. Jan. 16, 2026), ECF No. 4. Respondents have not produced a warrant in either of the consolidated cases, merely stating in both that they "acknowledge that in the absence of a warrant preceding arrest, many courts in this District conclude that release is the appropriate remedy." *See* Federal Respondents' Response at 1, *Fulgencio B.*, No. 26-cv-360, ECF No. 6; *see also* ECF No. 4 at 1 (same). Nor have Respondents advanced any specific argument that Fulgencio's release is an unwarranted remedy.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[3]

---

[3] The resolution of this statutory-interpretation question in Fulgencio's favor makes it unnecessary to address the Petition's remaining grounds.

5

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Fulgencio B.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 22, 2026, at 6:02 p.m.        s/ Eric C. Tostrud
                                             Eric C. Tostrud
                                             United States District Court